*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                         *(609) 858-9351*

October 18, 2013

Eugene D. Roth, Esquire
Law Office of Eugene D. Roth
Valley Park East
2520 Highway 35
Manasquan, New Jersey 08736

Barry E. Levine, Esquire
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive - Suite 2F
Morris Plains, New Jersey 07950

Erik D. Collazo, Esquire
Standing Chapter 13 Trustee
1 AAA Drive – Suite 101
Robbinsville, New Jersey 08691

                        Re:    Gustave George Lewis
                                 Case No. 13-11557

                                 Motion to Modify Claims of
                                 The Provident Bank (Doc. #33)

Dear Counsel:

      On October 16, 2013, the court took oral argument on the Debtor's motion to modify the claim of Provident Bank.  The court reserved decision so that it could properly consider the certification filed by the Debtor's accountant on October 15th.

      A proof of claim is governed by Rule 3001.  A crucial element in resolving claims disputes is determining the party that bears the burden of proof at various stages.  In <u>In re Wells</u>,

463 B.R. 320 (Bankr. E.D. Pa. 2011), the court summarized the effect of Rule 3001(f) as follows:

> if a proof of claim complies with the Rules of Court and is self-sustaining (i.e., it sets forth the facts necessary to state a claim and is not self-contradictory), it is prima facie valid and the objecting party has the burden of producing evidence to refute the claim. That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim, because the ultimate burden of persuasion is always on the claimant.

Wells at 326 (internal citations omitted). The court finds that because Provident's proof of claim is self-contradictory it is not entitled to a presumption of validity. Provident's proof of claim[1] states in Item 1 that the amount of the claim is $543,273.51, and then states in Item 4 that the amount of the secured claim is $543,852.17. As the secured portion of the claim can never be greater than the total amount of the claim, the proof of claim is facially self-contradictory. Additional inconsistencies and incorrect calculations are found on the Mortgage Proof of Claim Attachment.

Rule 3001 provides no guidance on how a court should proceed once it determines that a proof of claim is not prima facie valid. None of the options the court has are fully satisfactory. The court could allow Provident to file an amended proof of claim, but that would disadvantage the debtor and improperly reward Provident for filing a slapdash proof of claim. The court could conduct a full evidentiary hearing, but that would be inconsistent with the mandate that the claims allowance process is intended to "facilitate the efficient, economical resolution of claims allowance disputes." In re Umstead, 490 B.R. 186 (Bankr. E.D. Pa. 2013). The most efficient and economical option available to the court is to determine the proper amount of Provident's claim based on the evidence before it, including the certifications from both sides.

The Debtor posits three primary objections. The first is that: "the Amount of Arrearage as of the Time Case was Filed in Section 4 is stated as $197,852.17, while the total amount for all items specified in Part 1 and Part 2 of the Mortgage Proof of Claim Attachment is $161,737.00."[2] Since the court has already determined that Provident's proof of claim is internally inconsistent and thus not entitled to a presumption of validity, the court must find a new starting point to determine the amount of the arrearages. Provident has consistently claimed the reinstatement amount was $197,852.17. That is the figure that was used in the August 14th certification of Xoana Guzman and the October 3rd certification of Daniel Malaniak. Ms. Guzman's certification fails to explain how Provident arrived at that figure, but exhibit B to Mr. Malaniak's certification contains a breakdown of the $197,852.17 reinstatement figure. The court finds exhibit B to be sufficient to satisfy Provident's burden of establishing the reinstatement amount by a preponderance of the evidence. The Debtor's two certifications and Mr. Maldjian's certification do not dispute any of the underlying components of Provident's reinstatement figures. Most significantly, the Debtor does not dispute that he failed to make 53

---

[1] Claim #7 (filed 3/15/13)
[2] Certification of Gustave Lewis at para 4 (filed 7/16/13)

mortgage payments pre-petition.  Debtor has also failed to dispute the late charges or property inspections fees.  It is well established that to dispute the amount of a claim a debtor must refute at least one of the components that is essential to the claim's legal sufficiency.  In re Allegeny International, Inc., 954 F.2d 167 (3d Cir. 1992).  The Debtor has not disputed a single component of Provident's reinstatement figures, so the court finds no basis to reduce the amount.

  The Debtor's next objection is to the escrow balance.  The Debtor objects to the number because on exhibit A to the Malaniak certification it is $45,308.10, but it was listed at $40,782.28 on the payoff figures Provident provided to the Debtor as part of a foreclosure mediation action.  The Debtor and his accountant both certify that the increase in the escrow balance cannot reasonably be accounted for by the fourth quarter taxes.  It is Provident's burden to establish the correct amount and it has not done that; therefore, the court will reduce the allowed escrow amount to $40,782.28.

  The Debtor's next objection is to the amount of attorneys' fees.  The attorney's fees were listed as $3,419.90 on the payoff figures Provident provided to the Debtor as part of a foreclosure mediation action, but on exhibit A to the Malaniak certification it is listed as zero.  Again, Provident has the ultimate burden of persuasion to prove every element of its claim.  The inconsistency regarding the amount of attorney's fees calls into question the legitimacy of the ultimate payoff figure.  Based on the evidence before the court, there is no way to determine if the principal balance of $379,536.51 includes the attorney's fees.  Since it was Provident's burden to establish every element of its claim and has not done that to the court's satisfaction, the total payoff figure will be reduced by the amount of attorney's fees.

  The Debtor's motion to modify Provident's claim is granted.  The total claim is reduced to $535,327.79.[3]  The amount of the arrearage/reinstatement figure is set at $197,852.17.  Debtor's counsel should submit an order in accordance with this opinion.

                 */s/ Kathryn C. Ferguson*
                 KATHRYN C. FERGUSON
                 US Bankruptcy Judge

---

[3] $543,273.51 (lowest amount on the proof of claim) minus $4,525.82 (difference in the escrow balance) and $3,419.90 (attorney's fees)